James M. Sitkin, Esq. (SBN 107650)
LAW OFFICES OF JAMES M. SITKIN
255 California Street, 10th floor
San Francisco, CA 94111
Telephone: (415) 318-1048
Facsimile: (415) 362-3268

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES J. CAMPBELL and MARK LEUTHOLD, individually and on behalf of all those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICANTOURS INTERNATIONAL, LLC, and DOES 1 – 100, inclusive, <br><br> Defendants. | **Case No.   CV 13-00323 RS** <br><br> **CLASS ACTION** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND** <br><br> DATE: March 7, 2013 <br> TIME:  1:30 p.m. <br> DEPT.: Courtroom 3 (Hon. Richard Seeborg) <br><br> COMPLAINT FILED:  December 14, 2012 <br> DATE REMOVED: January 2,3 2013 |

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs James J. Campbell and Mark Leuthold (Plaintiffs) move for an Order remanding this putative wage and hour class action to the San Francisco County Superior Court based on this Court's lack of subject matter jurisdiction. On January 23, 2013, Defendant AmericanTours International LLC (ATI) removed this action to this Court. After declining to consent to U.S. Magistrate Judge Elizabeth D. LaPorte, the case was reassigned to the Hon. Richard Seeborg, following which ATI filed its pending motion to transfer to the USDC, Central District of California.

The pending Complaint has two class action claims. The first alleges California Labor Code and Wage Order violations. The second claim under California Unfair Competition Law, California Business and Professions Code § 17200 (UCL), alleges predicate unlawful acts based on the California Labor Code, California Wage Order, and the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA). They are preceded by introductory allegations incorporated into all claims. Although the Complaint therefore alleges only claims under California law, ATI's Notice of Removal on the sole basis of federal question jurisdiction (28 U.S.C. § 1331) rests on the erroneous basis that the Complaint has a claim under the FLSA. In fact, it has not alleged removal based on the second claim under the UCL, but only based on the incorporation into the first claim of the introductory allegations concerning the violation of the FLSA as a predicate unlawful act for the UCL claim. Subject matter jurisdiction on this basis does not exist and the case must be remanded to State Court.

This Motion includes Plaintiffs' Request for Judicial Notice of the Notice of Removal by Defendant AmericanTours International LLC, filed January 23, 2013 (Removal Notice), a proposed Order, and the supporting Declaration of Plaintiffs' counsel, James M. Sitkin. Wherefore, Plaintiffs request remand be ordered and that Plaintiffs be awarded $8,000 as fees and costs herein.

1

## II. **BACKGROUND**

The Removal Notice (¶¶ 6-9) relies exclusively on parsing text of the following four paragraphs of the Complaint, which Plaintiffs, in quoting from these paragraphs, identify with bold typeface. The first two paragraphs of the Complaint to which ATI cites are found in an introductory section entitled "CLASS ACTION ALLEGATIONS."

> 9. Plaintiffs' claims alleged herein are brought individually on behalf of the Plaintiffs and in a representative capacity on behalf of similarly situated current and former Tour Directors. They assert violations of California law on behalf of all Plaintiffs and others similarly situated, who are described as follows: **all persons who performed services or perform services in the United States as a Tour Director for ATI at any since four years before the filing of this legal action until such time as there is a final disposition of this lawsuit (hereinafter the "Class").** [Remand Notice ¶6]

> 10. Plaintiffs, who seek to serve as representatives of the Class, are members of the Class. Like the other members of the Class, each Plaintiff suffered some form of injury of which complaint is herein alleged on behalf of the Class whom each Plaintiff seeks to represent, including not having been paid and provided benefits required by their non-exempt employee status, including minimum wages and overtime pay **in violation of** California and **federal law,** not having received properly itemized pay statements in violation of California law, and not having being provided duty free meal and rest periods or paid premium pay in their absence in violation of California law. In addition, ATI **has not maintained time records for Plaintiffs and the Class in violation of federal** and California **law.** [Remand Notice ¶¶ 7, 8].

The third paragraph of the Complaint to which ATI cites is found under an introductory section entitled, "FACTUAL ALLEGATIONS ...Summary":

> "... 19. Since at least four years before the filing of this legal action, Defendants, based on misclassifying Plaintiffs and the other Class members as exempt employees, have improperly failed and continue to refuse to pay and provide legally mandated employee benefits due them as non-exempt employees. Defendants, at all relevant times, moreover, were aware or on notice that the performance of duties assigned to Plaintiffs and the other Class members regularly involved working hours for which they were illegally not compensated. Defendants have caused the Class to work such hours without added compensation or else suffer the loss of employment. This has included not paying any overtime pay. It also has included not paying Class members for some non-tour work. It also has included not providing all meal/rest breaks required under California law or paying required additional wages in their absence. Although ATI's policy and practice is to terminate Tour Directors' employment each year and to re-hire Tour Directors in the event it employs them in a subsequent year, Defendants have violated the California Labor Code

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND – Case No. CV 13-00323 RS

and California Wage Order's provisions concerning prompt final payment to departing employees of all accrued wages. **Defendants has also failed to maintain records of the actual hours Tour Directors worked and failed to provide legally required information in pay statements as required by the FLSA** and California law." [Remand Notice ¶ 6]

The fourth paragraph in the Complaint to which ATI cites, paragraph 20 (Removal Notice ¶ 9), merely incorporates these introductory allegations into the first claim entitled, "FIRST CLAIM BY ALL PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CLASS MEMBERS WHO HAVE PERFORMED SERVICES IN CALIFORNIA AGAINST ALL DEFENDANTS FOR **VIOLATION OF CALIFORNIA LABOR CODE  AND CALIFORNIA INDUSTRIAL COMMISSION WAGE ORDERS** (Class Claim)." (emphasis added).  Similarly, these paragraphs are incorporated by reference into Plaintiffs' second claim under the UCL.

Plaintiffs now turn to the Complaint's allegations that the Removal Notice ignores.  Unlike the UCL claim, which ATI correctly ignores for reasons explained in the next section as a basis of removal, the other allegations of the First Claim and the related parts of the prayer for relief exclusively refer to violations of the California Labor Code:

"…21. As hereinabove alleged, Defendants willfully failed to pay to Plaintiffs, and other members of the Class, accrued minimum wages (whether calculated based on the statutory minimum wage rate or regular rate of pay) and overtime pay as required under the California Labor Code and California Industrial Welfare Commission Wage Order 9-2001 [8 CCR § 11090 (2001)], or any other applicable Wage Order.  Defendants also failed to provide duty free meal/rest periods or pay wages in lieu thereof as required by California Labor Code §§ 226.7 and 512, Wage Order 9-2001, §§ 11, 12, and  comparable paragraphs in any other applicable Wage Order.  Defendants also failed to provide itemized pay statements to Tour Directors as required by California Labor Code §226.  Defendants also failed to maintain wage time records as required by California Labor Code § 226.  Defendants also failed to pay all termination wages, including accrued minimum wages, overtime pay, and added wages for missed meal/rest periods, within the 30 day time limit set forth for the payment of termination wages under California Labor Code §§201-203.  Defendants therefore breached their duties to Plaintiffs, and other members of the Class who have performed services in California since three years before the filing of this legal action, under the California Labor Code, including §§201-203, 226, 226.7, 510, and 512 et seq., and California Industrial Welfare Commission Wage Order 9-2001 or any other applicable Wage Order.

3

22. Plaintiffs request that Defendants be required to pay to them, and other members of the Class who performed services for ATI in California at any time since three years before the filing of this legal action, minimum wages (calculated at the more generous of the statutory rate or regular rate of pay), overtime wages, premium hours for missed meal/rest periods, and statutory penalties as provided under California Labor Code, including §§201-203, 226, and 1194.2(a), and California Industrial Welfare Commission Wage Orders.  Plaintiffs further request that any unpaid residue be ordered paid "to nonprofit organizations or foundations to support projects that will benefit the Class or similarly situated persons, or that promote the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit organizations providing civil legal services to the indigent..." as provided under California Code of Civil Procedure § 384(b).

23. Plaintiffs are informed and believe, and thereon allege, that Defendants, unless restrained, will continue to violate their legal duties under California law, of which complaint is herein made. Plaintiffs therefore request that Defendants be enjoined from so doing...."

And in the prayer for relief:

"2. The Court declares, adjudges and decrees that:  a) Defendants violated the California Labor Code and California Industrial Welfare Commission Wage Orders,  including in failing to pay minimum wages, failing to pay overtime pay, failing to provide meal/rest periods or in their absence pay wages for on duty meal/rest periods as required by Labor Code §§ 226.7 and 512, and applicable Wage Order(s), failing to provide itemized pay statements as required under California Labor Code §226, and failing to maintain time/pay records as required under California Labor Code § 226, to or for the Class members who performed services for ATI in California at any time since three years before the filing of this lawsuit;  b) time during which these Class members are on duty constitutes hours of employment for purposes of the California Labor Code and California Industrial Welfare Commission Wage Orders;  c) these Class members are entitled to an award for the unpaid minimum wages (whether calculated at the minimum statutory rate or regular rate of pay), overtime pay, wages for absence of duty free meal/rest periods, waiting time penalties, penalties for absence of properly itemized wage statements/record maintenance, and any other applicable statutory penalties; d) injunctive relief prohibiting future violations of the rights of the Class members to unpaid wages; and e) equitable distribution of the unpaid residue of any recovery pursuant to CCP § 384."

In contrast to the First Claim on which ATI exclusively relies for removal, the Second Claim under the UCL in the balance of its allegations and the corresponding part of the prayer for relief clearly identify the violations of the FLSA referenced in the above-quoted introductory allegations as forming predicate unlawful acts.

4

"...26. As hereinabove alleged, Defendants, in the course of its business, have committed acts and engaged in a practice of unfair competition, as defined by California Business & Professions Code §17200, including not paying for **minimum wages as the FLSA, 29 U.S.C. § 206,** and California law require, **not paying overtime pay as the FLSA** and California law require, not providing meal/rest breaks and in their absence paying required added wages as California Labor Code §§ 226.7 and 512, California Wage Order 9, ¶¶ 11-12, and comparable provisions within any other applicable Wage Order require, not providing itemized pay statements as California Labor Code § 226 requires, and **not maintaining time/pay records as the FLSA, 29 U.S.C. 211(c) and 29 C.F.R. 516.6,** and California Labor Code § 226 require, all of which is unlawful under the FLSA, California Labor Code, and California Industrial Welfare Commission Orders...." (emphasis added).

And in the prayer for relief:

"...3. The Court declares, adjudges and decrees that: a) Defendants violated the California Unfair Business Practices Act/Unfair Competition Law, California Business & Professions Code §§ 17200, et seq., by engaging in unlawful conduct, including **failing to pay minimum wages (whether calculated at the minimum statutory rate or regular rate of pay) as required under the FLSA** and California law, **failing to pay overtime pay as required under the FLSA** and California law, failing to pay wages for on duty meal/rest periods as required by California Labor Code §226.7 and applicable Wage Order(s), **failing to maintain time records as required under FLSA, 29 U.S.C. 211(c) and 29 C.F.R. 516.6,** and California Labor Code § 226, failing to provide itemized pay statements as required under Labor Code §226, and failing to pay final wages after termination; b) **time during which the Class members are on duty constitutes hours of employment for purposes of the FLSA,** California Labor Code and California Industrial Welfare Commission Wage Orders; c) Defendants should be ordered to make restitution and disgorgement of all ill-gotten gains, including unpaid minimum wages, overtime, and added wages for missed meal/rest periods, into a fluid recovery fund; and d) injunctive relief prohibiting future violations of the rights of the Class members to unpaid wages."

## III. ANALYSIS WHY REMAND MUST BE ORDERED

### A. ATI Cannot Sustain Its Heavy Burden to Show Subject Matter Jurisdiction Based on the Complaint's Allegations.

Preliminarily, the reason that ATI ignores the Second Claim under the UCL as a basis for

removal is that ample case law under comparable circumstances bars removal based on inclusion of

FLSA violations as predicate acts for a California UCL claim. See e.g., *Williams v. Wells Fargo Bank*

*N.A.*, 2010 WL 3184248, pp. *2-*4, *Leo v. Alameda County Medical Center*, 2006 WL 2669001, p. *2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND – Case No. CV 13-00323 RS

(ND CA 2006, Hon. Susan I. Illston), and other cases reviewed in these decisions.  Plaintiffs now

analyze the cited basis for removal, namely that the First Claim seeks recovery under the FLSA.

There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564,

566 (9th Cir. 1992).  Doubts as to removability are resolved in favor of remanding the case to state

court. *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).   In a motion to

remand, the burden of proving the propriety of removal rests with the removing party. *United*

*Computer Systems v. AT & T Corp.,* 298 F.3d 756, 763 (9th Cir. 2002).  "In determining whether the

case 'arises under' federal law, federal courts look solely to the necessary allegations of plaintiff's

complaint ... those *essential to the cause of action.*"  Rutter Group, California Prac. Guide – Fed. Civ.

Proc. Before Trial, ¶ 2:741 (citing to *Gully v. First Nat'l Bank in Meridian,* 299 US 109, 112, 57 S.Ct.

96, 97 (1936)).

A reasonable reading of the Complaint cannot support that the First Claim seeks recovery under

the FLSA. This is apparent from its title, the above-quoted ¶¶ 21-23, and the related part of the prayer

for relief that leave no doubt that the First Claim only seeks recovery for violations of the California

Labor Code and Wage Order(s).  That overarching introductory allegations incorporated into the First

Claim and the Second Claim (which does partly rely on FLSA violations as predicate unlawful acts)

refer to FLSA violations cannot alter the clear import of the First Claim as exclusively seeking recovery

for violations of California law.  For the same reason, the reference in the introductory allegations to a

"national class" does not mean that Plaintiffs are asserting a FLSA claim.  The First Claim's title limits

it to "...THE CLASS MEMBERS WHO HAVE PERFORMED SERVICES IN CALIFORNIA..."  By

contrast it is the UCL claim that is brought on behalf of the entire Class as stated in its title.  See

*Norwest Mortgage, Inc. v. Sup. Ct.,* 72 Cal.App.4[th] 214 (1999) (national class for UCL violation

6

properly included non-residents who had been injured by conduct originated in California).[1]  The

superfluous incorporation into the First Claim of introductory allegations that clearly pertain to the

Second Claim cannot be deemed "essential" to the First Claim so as to support the misconstruction of

the First Claim as seeking recovery under the FLSA.

Of course, "…Plaintiff cannot defeat removal of a federal claim by disguising or 'artfully

pleading' it as a state claim. If the *only* claim involved is one arising under federal law, the federal court

will 'recharacterize' it accordingly, in order to uphold removal." *Id.*, ¶ 2:2566 (citing to *Rivet v.*

*Regions Bank of Louisiana*, 522 US 470, 475, 118 S.Ct. 921, 925 (1988), *Schroeder v. Trans World*

*Airlines, Inc.*, 702 F2d 189, 191 (9th Cir. 1983), *Sullivan v. American Airlines, Inc.*, 424 F3d 267, 271

(2nd Cir. 2005)).  ATI's Removal Notice (¶ 10) appears to invoke this doctrine.[2]  But "[t]he 'artful

pleading' limitation refers to situations where plaintiff's *only* claim is a federal one. It does not apply

where plaintiff has a *viable state law claim*, as well as a federal claim, and simply chooses to sue on the

state claim. Such a case is not removable on federal question grounds." *Id.*, ¶ 2:2567 (citing *Chaganti*

*& Assocs., P.C. v. Nowotny*, 470 F3d 1215, 1220 (8th Cir. 2006) and *Redwood Theatres, Inc. v. Festival*

*Enterprises, Inc.*, 908 F2d 477, 479 (9th Cir. 1990)).  Consistent with the above-described heavy burden

that the removing party shoulders on a motion to remand, *Sullivan v. First Affiliated* Sec., Inc., 813 F.2d

1368, 1372 (9th Cir.1987) held that "[t]he 'artful pleading' doctrine is invoked 'only in exceptional

circumstances as it raises difficult issues of state and federal relationships and often yields

---

[1]The first sentence of the Removal Notice (¶ 6) improperly parses out the immediately following
language ("…and California law") in suggesting that Plaintiffs have alleged that improperly itemized
payments statements violate the FLSA so as to form predicate unlawful acts.  As amplified in the
above-quoted body of the First and Second Claim, Plaintiffs allege a violation of California law.

[2]The Removal Notice (¶ 10) cites to one case that appears to apply the artful pleading rule without
using that phrase. *North American Phillips Corp. v. Emery Air freight Corp.*, 579 F.2d 229, 233-34 (2nd

7

unsatisfactory results.' [cite]" Here, the doctrine has no application because the Claims cannot be characterized as subject to federal preemption.

There is simply no subject matter jurisdiction.

**B.  An Award of Fees is Appropriate.**

This is a proper case for the Court to exercise its discretion under 28 U.S.C. § 1447(c) to require ATI to pay Plaintiffs their "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The removal is based on a specious misreading of the Complaint that cannot support an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136-38 126 S.Ct. 704, 708-10 (2005) (objectively reasonable test; no presumption pro or con, unnecessary to show that removing party's position was "frivolous, unreasonable or without foundation"). Indeed, though Plaintiffs are not seeking an award of sanctions under FRCP, rule 11, Plaintiffs note that the attorney's signature on the removal notice constitutes a "certificate" that that "to the best of person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances." This removal cannot be reconciled with the certifying attorney's obligation under Rule 11. Plaintiffs are not seeking recovery of all time and expense on this Motion, which will exceed the requested $8,000 award supporting in the accompanying Sitkin Declaration.

**IV. CONCLUSION**

Consistent with ATI's position, Plaintiffs by amending the Complaint to exclude expressly the incorporation into the First Claim of the introductory allegations to the extent that they refer to the FLSA would delete the basis of ATI's claim of subject matter jurisdiction. Although this would have no bearing on the resolution of this motion because the focus in on the Complaint at the time of

---

Cir. 1978) upheld federal question jurisdiction where that complaint alleged a claim the subject of exclusive federal court jurisdiction, though not expressly referring to the federal statute.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND – Case No. CV 13-00323 RS

removal, Plaintiffs could then move this Court to exercise its discretion to decline extending further supplemental jurisdiction over the remaining state claims and remand. See Rutter Group, supra, ¶¶ 2:2505, 2:3774. It would be an abuse of discretion to refuse at this early stage of this legal action and under these circumstances to grant such a motion. *Id.* But there is no reason to impose that circular route on the parties and the Court because ATI cannot carry its burden to justify the removal in the first place. Wherefore, Plaintiffs request that this case be remanded to the San Francisco Superior Court and that Plaintiffs be awarded $8,000.

Respectfully submitted,

Law Offices of James M. Sitkin

Dated: February 1, 2013

By: James M. Sitkin
Attorney for Plaintiffs

9