IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JAMES CAMPBELL and MARK LEUTHOLD, individually and on behalf of all those similarly situated,

    Plaintiffs,

v.

AMERICANTOURS INTERNATIONAL, LLC and DOES 1-100, inclusive,

    Defendants.
_____/

No. C 13-00323 RS

**ORDER GRANTING MOTION TO REMAND**

## I. INTRODUCTION

Plaintiffs filed two class action claims in California State Court. The first alleges violations of California's Labor Code and Wage Order. The second arises under the California Unfair Competition Law, California Business and Professions Code § 17200 (UCL), alleging predicate unlawful acts based on the California Labor Code, California Wage Order, and the Fair Labor and Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Defendant AmericanTours International, LLC (ATI) removed this action to federal court pursuant to federal question jurisdiction under 28 U.S.C. § 1331, on the basis that claim one, while not entitled as such, arises out of the FLSA. Plaintiffs move to remand the case, stating this Court lacks subject matter

jurisdiction as no federal claim is alleged.

## II. LEGAL STANDARD

The Ninth Circuit has a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant has the burden of establishing that removal is proper. *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.,* 903 F.2d 709, 712 n. 3 (9th Cir.1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979)). In determining whether the case "arises under" federal law, courts look only to the necessary allegations that appear on the face of the plaintiff's complaint. *See Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112-13 (1936). Nevertheless, a plaintiff cannot defeat removal of a federal claim by disguising it as a state law claim. *See Norwest Mortgage, Inc. v. Sup. Ct.*, 72 Cal.App.4th 214 (1999); *Brennan v. Sw. Airlines Co.*, 134 F.3d 1405, 1409 *amended sub nom. Brennan v. Sw. Airlines*, 140 F.3d 849 (9th Cir. 1998) (Explaining "artful pleading" creates an exception to the well-pleaded complaint rule).

## III. DISCUSSION

Defendant first argues this motion is moot, as plaintiffs filed an FAC after filing its motion to remand. Defendant is mistaken, however, in assuming either that the FAC is the controlling document or that the act of filing an amended pleading somehow moots the pending remand motion. The focus remains on the complaint as it was constituted at the time of removal, not at the time of the motion for remand. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979) ("In determining the existence of removal jurisdiction based upon a federal question, we must look to the complaint as of the time the removal petition was filed.").

ATI's removal is premised entirely on the first claim for relief advancing violations of California's Labor Code and Wage Order. Indeed, defendant does not dispute that plaintiffs' UCL claim cannot support federal question jurisdiction. *See, e.g., Williams v. Wells Fargo Bank, N.A.,* 2010 WL 3184248 (C.D. Cal. Aug. 9, 2010) ("Where a plaintiff has alleged a UCL claim based on both the violation of state and federal law, courts have found that federal question

jurisdiction does not exist."); *Leo v. Alameda County Medical Center*, 2006 WL 2669001 at *2 (N.D. Cal. Sept. 18, 2006) (finding "it is state, not federal, law that creates the cause of action [under § 17200]".). Rather, defendant points to passing references to federal law in the introductory portions of the complaint as proof that the first claim "arises under" federal law. ATI argues the first claim incorporates all that came before it, including those references to federal law. Defendant characterizes plaintiffs' motion as a request to "ignore the federal claims as 'superfluous' because Plaintiffs' counsel did not mean what he said when drafting the Complaint." Opposition 4:24-25. Such reference to federal law in the introductory sections of a complaint, however, does not warrant removal. *See Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (Explaining "mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists.").

Defendant's reliance on plaintiffs' references to a "nationwide class" is likewise unavailing. Plaintiffs respond that the scope of the proposed class includes only those working for ATI in California. That intent is not immediately apparent from the description of the class, characterized as: "all persons who performed services or perform services in the United States as a Tour Director for ATI at any since [*sic*] four years before the filing of this legal action until such time as there is a final disposition of this lawsuit." Complaint ¶9. Nonetheless, when considering plaintiffs' first claim, the basis for removal, it is clear the class is limited to those employees who performed services in California.[1] At oral argument defendant noted that plaintiffs invoke a three-year statute of limitations, as provided by the FLSA, thereby revealing the true nature of the claim. While the FLSA does indeed utilize a three-year statute of limitations, that same time period is consistent with a claim under the California Labor Code and Wage Order. *See Aubry v. Goldhor*, 201 Cal. App. 3d 399, 404 (Ct. App. 1988) (finding an "action to enforce [a Labor Code] obligation therefore is governed by the three-year statute of

---

[1] Plaintiffs explain the "national scope of the proposed class tracks the UCL claim and the first claim is limited to those working for ATI in California." Reply 5:6-7. While such limitation may not be immediately apparent, in considering the Complaint as a whole, it becomes clear the contemplated class is limited to those who worked in California.

1 limitations"). Plaintiffs do not attempt to assert a FLSA claim, and the mere reference defendant

2 points to cannot be the basis for removal.[2]

3 Finally, defendant argues many of plaintiffs' claims are preempted by the Federal

4 Aviation Administration Authorization Act (FAAA Act). The Ninth Circuit has stated that, in

5 enacting the FAAA Act, Congress "intended to broadly preempt state laws that were related to a

6 price, route or service of a motor carrier." *American Trucking Ass'n v. City of Los Angeles*, 559

7 F.3d 1046, 1053 (9th Cir. 2009). Defendant contends that California's meal and rest break laws

8 relate to price, route and service of a motor carrier, and thus are subject to the FAAA Act. Thus,

9 defendant argues plaintiffs' Section 17200 UCL claims are entirely preempted, and jurisdiction

10 therefore lies with this Court. This argument, however, cannot be the basis for federal question

11 jurisdiction, as the argument was not raised in defendant's notice of removal. *See Willingham v.*

12 *Morgan*, 395 U.S. 402, 408 (1969) ("The Judicial Code requires defendants who would remove

13 cases to the federal courts to file 'a verified petition containing a short and plain statement of the

14 facts justifying removal. 28 U.S.C. s. 1446(a)"). Failure to identify in a removal notice a basis

15 for subject matter jurisdiction existing at the time of removal means it may not be considered in

16 opposition to a motion to remand. *See O'Halloran v. U. of Washington*, 856 F.2d 1375, 1381

17 (9th Cir. 1988) (finding removal was based solely on a third party complaint, and thus declining

18 to assess whether a federal question arose in the original complaint). Here, defendant's notice of

19 removal identifies only the first claim for relief, and does not mention FAAA preemption. Thus,

20 FAAA preemption cannot now be considered in response to plaintiffs' motion to remand.[3]

---

[2] A suit to enforce the FLSA cannot be brought as a class action. *See e.g., Haro v. City of Rosemead*, 174 Cal. App. 4th 1067, 1072, (2009) (concluding "FLSA actions are not class actions"); *Lachapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) (finding Rule 23 and FLSA 16(b) classes to be "mutually exclusive"); This precedent provides further support for the conclusion that plaintiffs do not intend to bring a FLSA claim.

[3] Even if defendant's preemption argument were considered, a defense is insufficient to support federal question jurisdiction. Rather, jurisdiction must be present on the face of the plaintiff's complaint. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983) (Noting "it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense

Plaintiffs further request this Court exercise its discretion under 28 U.S.C. § 1447(c) to require ATI to pay plaintiffs' costs and expenses incurred as a result of the removal. Plaintiffs argue defendant's removal was based on a "specious misreading of the Complaint that cannot support an objectively reasonable basis for removal." Motion 8:8-9. Plaintiffs offered to waive their claim for fees if ATI would stipulate to remand, but defendant declined to do so. They therefore seek $8,000 in connection with this motion. The Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, while defendant was ultimately unsuccessful in establishing the presence of federal question jurisdiction, references to a "nationwide class" and the "federal law" in the introductory portions of the complaint provided reasonable grounds on which to base removal. Accordingly, no fees shall be awarded in connection with work done on this motion to remand.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand is granted. No fees shall be awarded in connection with this motion.

IT IS SO ORDERED.

Dated: 3/7/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

is anticipated in the plaintiffs' complaint, and even if both parties admit that the defense is the only question truly at issue in the case.").